UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA ELECTRONICS, INC.,

    Plaintiff,

-vs-

Case No. 13-11376
Hon: AVERN COHN

VALEO, INC.; VALEO S.A.; VALEO GMBH; CONNAUGHT ELECTRONICS, LTD.; VALEO SCHALTER UND SENSOREN GMBH; VALEO NORTH AMERICA, INC.,

    Defendants.
_____/

# MEMORANDUM AND ORDER
# ADOPTING SUPPLEMENTAL SPECIAL MASTER REPORT AND RECOMMENDATION CONCERNING DEFENDANTS' RULE 12(c) MOTION (Doc. 96) AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 72)

I. Introduction

This is a patent case. The patents-in-suit, U.S. Patent No. 7,859,565 B2, Vision System For A Vehicle Including Image Processor, issued December 28, 2010 (the '565 Patent) and U.S. Patent No. 7,877,175 B2, Object Detection System For Vehicle,[1] issued January 25, 2011 (the '175 Patent), are owned by plaintiff, Magna Electronics, Inc. (Magna). Magna charges defendants, Valeo, Inc., et al., with infringement of the '565 and '175 Patents.

Before the Court is defendants' motion for judgment on the pleadings (Doc. 72) on the grounds that the '175 patent is directed to patent-ineligible subject matter and

---

[1] Changed from Imaging System for Vehicle by amendment.

therefore invalid under 35 U.S.C. §101 and Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 573 U.S. ___, 134 S.Ct. 2347, 2355 (2014). The motion was referred to a Special Master for a report and recommendation (Doc. 85). The Special Master has issued a Supplemental Special Master's Report and Recommendation Concerning Defendants' Rule 12(c) Motion (Doc. 96). The Special Master recommends that the motion be denied. Valeo objects (Doc. 97), Magna has responded (Doc. 98), and Valeo has replied (Doc. 100). The matter is now ready for decision. For the reasons that follow, the Special Master's recommendation will be adopted and defendants' motion will be denied without prejudice.

## II. Legal Standard

### A. Review of Special Master

Fed. R. Civ. P. 53 establishes the standard of review for a district court in reviewing findings of fact and conclusions of law made or recommended by a special master. Rule 53(f)(3) reads:

> Reviewing Factual Findings. The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
> (A) the findings will be reviewed for clear error; or
> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Fed. R. Civ. P. 53(f)(4) reads:

> Reviewing Legal Conclusions. The court must decide de novo all objections to conclusions of law made or recommended by a master.

The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

B.  Law Applicable

The Court has previously ruled on an Alice motion in which it set forth the law applicable.  See JDS Technologies, Inc. v. Exacq Technologies, 2016 WL 3165724 (E.D. Mich. June 7, 2016).

III.  Discussion

The paradigm cases which the Court has looked to for helpful precedent regarding abstract versus inventive are In Re TLI Communications LLC Patent Litigation, 823 F.3d 607 (Fed. Cir. 2016), and Thales Vision LX, Inc. v. United States, 850 F.3d 1343 (Fed. Cir. 2017).  The invention being considered is closer to the Thales invention than the TLI invention.  As such, the Special Master's recommendation that on the record as it stands the '175 patent does not cover ineligible subject matter is sound. Nothing in Valeo's objections convince the Court that the Special Master's recommendations are erroneous.

> As the Special Master notes:
>
> . . .in view of evidence and arguments raised by the defendants, decision of the issue should await a time when the Court evaluates other validity issues, such as those involving the 'patentability criteria of novelty, unobviousness, or enablement,' in order that the issue of subject matter eligibility is placed 'in the context of the patent-based incentive to technologic progress'. . . .

(Doc. 96 at p. 49).

While the Special Master's recommendation leaves a spark of life left in defendants' motion, the Court is not so sure.  Assuming the parties are satisfied that there is no ambiguity in the "control," i.e., it is not included in the Markman exercise,[2] the Court sees no reason not to follow the parties' position.

---

[2] Indeed, the Court has this date entered an order on claims construction in which the term "control" is not addressed since it was not identified as ambiguous.

As the Federal Circuit said in Trading Technologies International, Inc. v. COQ, et al., 2017 WL 192716, *4 (Fed. Cir. Jan. 18, 2017):

> As demonstrated in recent jurisprudence directed to eligibility, and as illustrated in the cases cited [in this decision], the claim elements are considered in combination for evaluation under Alice Step 1, and then individually when Alice Step 2 is reached. See Bascom Global Internet Services v. AT&T Mobility LLC, 827 F.3d 1341 (Fed. Cir. 2016). Applying an overview of this evolving jurisprudence, the public interest in innovative advance is best served when close questions of eligibility are considered along with the understanding flowing from review of the patentability criteria of novelty, unobviousness, and enablement, for when these classical criteria are evaluated, the issue of subject matter eligibility is placed in the context of the patent-based incentive to technological progress.

IV.

Accordingly, the Special Master's Supplemental Report is ADOPTED as the findings and conclusions of the Court. Defendants' motion is DENIED WITHOUT PREJUDICE.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2017
    Detroit, Michigan