UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA ELECTRONICS, INC.,

    Plaintiff,

v.

Case No. 13-1137

VALEO INC., VALEO S.A.,
VALEO GMBH, CONNAUGHT
ELECTRONICS LTD.,
VALEO SCHALTER UND SENSORSEN
GMBH, VALEO NORTH AMERICA, INC.,

HON. AVERN COHN

    Defendants.

_____/

## MEMORANDUM AND ORDER REGARDING DISCOVERY MATTERS

I. Introduction

This is a patent case. The patents in-suit are generally directed at multi-camera vision systems installed in automobiles. Plaintiff (Magna) has identified the following as paradigm claims:

    U.S. Patent No. 7,859,565 - Claims 45 and 46

    U.S. Patent No. 7,877,175 - Claims 1 and 16

See Doc. 46. The parties are engaged in contentious discovery. Before the Court are several discovery motions. On April 26, 2018, the Court held a conference on the record to discuss the motions and other discovery matters. This Memorandum formalizes the Court's rulings.

II. Proceedings before the Exert Advisor and Expert Reports

The Court referred to an Expert Advisor the parties dispute over the use of email search terms. See Doc. 167. The parties reported that proceedings before the Expert Advisor are ongoing. As discussed at the conference, proceedings before the Expert Advisor, including production of the emails and any related depositions (not expert), shall be completed by July 31, 2018.

Expert reports shall be competed by September 15, 2018.

III. Valeo's Request for Sanctions re: Interrogatory 4 (Doc. 170)

This relates to Magna's responses to Valeo's Interrogatory request 4 in which Valeo asked for identifications of the portions of the specifications of the paradigm patens that provide enablement and written description requirements. The request is not the subject of a formal motion but rather, as the Court requested, in the form of a proposed order with responsive papers. See Docs. 170, 173, 177.

The Court previously entered an order compelling Magna to provide more precise responses. See Doc. 108 at Ex. A.

After rounds of correspondence and telephone conferences, Magna provided Valeo with a supplemental response which it says complies with the Court's order. Valeo says that Magna's supplemental response is still deficient and sanctions - in the form of preventing Magna from offering evidence that the specification of the '175 patent "provides written description or enablement support for 'a vehicle camera system that calibrates on onboard camera in realtime using optical flow'" or that the specification for the '565 patent "provides written description or enablement support for 'a vehicle camera system that generates a 360-degree view or surround view of the vehicle

surroundings.'" Valeo also asks that the jury be instructed that Magna's failure to identify reasonably precise portions of the '175 and '565 patent as indicated above means the jury may infer that the specifications do not have such support.

Valeo concedes that its requested form of sanction is evidentiary, not monetary. The proper time to consider such a request is after discovery is complete, after all pending motions have been resolved, and the case ready for trial. Until such time, Valeo's request is premature. As such, proceedings on the matter are STAYED pending an application by Valeo to lift the stay because of prejudice in preparing for consideration of expert reports.

## IV. Valeo's Motion to Compel (Doc. 126)

Valeo has moved for an order compelling Magna to provide better answers to Valeo's Interrogatories 1 and 10. The interrogatories relate to dates for conception and reduction to practice. Valeo says that Magna should be required to provide precise dates for conception of the paradigm claims and for reduction to practice for each patent. Valeo also says that the Court should order Magna to remove irrelevant material cited in its response to the Interrogatories.

In supplemental responses, Valeo concedes that Magna has narrowed the dates (indeed, Magna has said it will use the filing date for the '565 patent) but the issue of Magna citing "hundreds of documents" with no explanation of their relevance. Magna disputes that it cited "hundreds of documents" but rather only a handful.

As stated at the conference, Magna shall prepare a document entitled "Date of Conception" as to the '175 patent. The document shall list the documentary support for its date range and attach the relevant documentation - limited to 10 documents - which

shall be highlighted. Magna shall do the same for "Reduction to Practice." These documents will serve as a base line for conception and reduction to practice. Should Magna chose to amend the dates at some later date, it will have to be based on newly discovered evidence.

> V. Magna's Motion to Compel re: Interrogatories 19-25; and (2) Supplemental Responses to Interrogatories 15-18 (Doc. 146)

As to Interrogatory 19-21, Valeo shall prepare a document which lists each of the "systems," whether a request for quote (RFQ) was given, and if a RFQ was given, Valeo shall provide the specification for each RFQ.

As in Interrogatories 22-23, Magna shall resubmit the request in tabular form and Magna is limited to a request of 15 Valeo persons as discussed at the conference.

As to Interrogatories 24-25, Magna shall redo the requests in tabular form as discussed at the conference.

As to Interrogatories 15-18, the parties shall provide the name of a retired automotive executive that is familiar with the technology who can be appointed as a technical advisor to the Court in order to determine whether Valeo is required to disclose the information.

Any objections to this order shall be lodged with the Court within five (5) business days.

SO ORDERED.

 S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 5/4/2018  
    Detroit, Michigan