UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA ELECTRONICS, INC.,

    Plaintiff,

v.                                                    Case No. 13-11376

VALEO, INC., VALEO, S.A.,                HON. AVERN COHN
VALEO GMBH, CONNAUGHT
ELECTRONICS, LTD., VALEO
SCHALTER UND SENSOREN
GMBH, and VALEO NORTH
AMERICA, INC.

    Defendants.

_____/

# APPOINTMENT AND ORDER OF REFERENCE OF SUMMARY JUDGMENT MOTIONS TO SPECIAL MASTER

This is a patent case. Plaintiff Magna Electronics, Inc. (Magna) is suing defendant Valeo, Inc. (Valeo) claiming infringement of 7 patents which are directed to multi-camera vision systems installed in automobiles. The 2 paradigm patents are U.S. Patent No. 7,859,565 ('565 patent), Vision System for a Vehicle Including Image Processor, and U.S. Patent No. 7,877,175 ('175 patent), Imaging System for Vehicle.

Before the Court are the following motions:[1]

Defendants' Motion for Summary Judgment of Noninfringement (Doc. 234)

Defendants' Motion for Summary Judgment of Invalidity (Doc. 235)

---

[1]Also before the Court are Defendants' Motion for Summary Judgment - Miscellaneous Motions (Nos. 1-3) (Doc. 232), Defendants' Motion To Exclude Certain Opinions of Magna Experts Michael Nranian and Woodward Yang (Doc. 222), and Plaintiff's Motion for Partial Summary Judgment (Doc. 242). Proceedings on these motions are STAYED pending resolution of the summary judgment motions referred to the Special Master.

The papers pertaining to the motions thus far consist of the following:[2]

Defendants' Motion for Summary Judgment of Noninfringement,
motion for summary judgment (Doc. 234)
Statement of Facts (Doc. 234-1)
Magna's Opposition (Doc. 265)
Magna's Response to Statement of Facts (Doc. 265-1)

Defendants' Motion for Summary Judgment of Invalidity, Motion for summary
judgment and memo in support (Doc. 235)
Statement of Facts (Doc. 235)
Magna's Opposition (Doc. 248)
Magna' Response to Statement of Facts (Doc. 265-2)

Because of the complexity of the subject matter it is ordered that:

1. The determination of the motions shall be made by Eric Dobrusin[3] as Special Master in accordance with Fed. R. Civ. P. 53(c) and (d) to decide upon and recommend in writing an appropriate resolution of the motion. The Special Master's contact information is below:

>   Eric M. Dobrusin
>   The Dobrusin Law Firm PC
>   29 W Lawrence St Ste 210
>   Pontiac, MI 48342-2183
>   (248) 292-2920
>   edobrusin@patentco.com

---

[2] In addition to the briefs, the record contains the following miscellaneous exhibit filings: Defendants' Consolidated Appendix of Exhibits in Support of Summary Judgment and Daubert Motions: Public Exhibits (Doc. 228); Sealed Exhibits (Doc. 236) Defendants' Supplemental Consolidated Appendix of Exhibits: Public Exhibits (Doc. 251); Sealed Exhibits (Doc. 263), Defendants' Exhibit 4 (Appendix C to the Declaration of Charles E. Thorpe) Filed in the Traditional Manner (Doc. 266), Plaintiff's Exhibits in Support of Motion for Summary Judgment (Doc. 220 Public Exhibits; Sealed Exhibits Doc. 232), Plaintiff's Consolidated Appendix of Exhibits in Support of Responses to Valeo's Summary Judgment Motions (Doc. 254 Public Exhibits; Doc. 265 Sealed Exhibits), Plaintiff's Exhibits Filed in the Traditional Manner (Doc. 261).

[3] Dobrusin was previously appointed Special Master with regard to an <u>Alice</u> motion. <u>See</u> Doc. 85.

2.	The Special Master shall confer with the parties to arrange a schedule for additional briefing, if desired, and other matters.

3.	Copies of papers filed with the Special Master shall also be filed simultaneously with the Clerk of the Court and served pursuant to applicable federal rules and a copy shall be simultaneously sent to the Court. Forwarding letters or informal communications need not be filed, but should be served on the opposite party.

4.	The Special Master may conduct meetings at a location(s) to be agreed upon by the parties and the Special Master. The Special Master may conduct hearings and meetings at a location(s) of the Special Master's choice after consultation with the parties.

5.	The Special Master may communicate with the Court ex parte on procedural matters.

6.	Before filing his report, the Special Master shall submit a draft to counsel for the purpose of receiving their suggestions. After receipt and consideration of counsels' suggestions, the Special Master shall issue his report.[4] The report shall note with particularity the suggestions of the parties.

7.	The Special Master shall use his best efforts to submit his report within one hundred and twenty (120) days from the date of this order.

8.	A petition for review by the Court shall be submitted in writing within twenty one (21) days of receipt of the Special Master's report. Review of the recommendations of the Special Master by the Court shall be governed by 28 U.S.C. § 636(b)(1)(B) and (C).

---

[4]"This is known as settling the master's report." Dobie, The Federal Rules of Civil Procedure, 25 Va. L. Rev. 261, 293 n. 128 (1939).

9.  The Special Master may use law clerks or paralegals at his discretion and shall keep detailed records of his time and expenses. The Special Master shall render detailed monthly bills for all fees and expenses at the same rates ordinarily charged clients for his services, and such bills shall be paid promptly as follows: fifty percent (50%) by Magna and 50 percent (50%) by Valeo. The monthly bills shall be submitted directly to counsel for the parties who shall take responsibility for prompt payment by their respective clients within thirty (30) days.

10. Objections, if any, to this order shall be filed within seven (7) days.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 11/15/2018
      Detroit, Michigan